By the Court. —Sedgwick, Ch. J.
The testimony supports the findings of the referee, that the new concreting of the cellar floor was not in performance of the written contract, and was extra work, and that the plaintiff raised the walls seven feet above the height fixed by the written contract considered in connection with the drawings.
It is claimed, however, that as the extra work was not ordered in writing by the defendant, and the plaintiff did not prove the actual cost of it, but recovered its reasonable value, there could be no recovery for it, under a provision of specifications that “ no bills for alterations or additions will be allowed unless the same were ordered in writing, and in default of any special agreement, extra payment is to be made only for actual cost of such alterations or additions.” This provision was a part of specifi *402 cations not signed by the parties, or annexed to the written contract which they did sign, and this written contract did not refer to specifications- for the agreement as to extra work, but itself contained! the clause that “should the owner request any alteration, deviations, additions or omissions from the said contract, he shall be at liberty to do so, and the same will be added tsxr deducted from the amount of the contract, as the case miay be, by a fair and reasonable valuation.” This clause Justified the action of the referee as regards the extra work. \
The referee overruled a question asked to show ghat the defendant notified the person in charge of putting'in the new concrete floor, that the defendant objected to lit as insufficient. The exception taken to this is not material, for the referee has found on the testimony that the work was done as requested by the defendant. He could not avoid the responsibility based upon this by objecting to the work in its progress.
The referee found, upon sufficient testimony, that the plaintiff had substantially fulfilled the contract, although he had unintentionally omitted to provide and lay two cast-iron frames around the floor-lights, and he allowed the defendant the value of the frames, and the' cost of laying them. The referee further found that plaintiff carried out his part of the contract in good faith, and to the best of his ability. Under these circumstances, it was unreasonable on the part of the architect to refuse to give a certificate of performance, and the plaintiff was entitled to recover without obtaining the certificate.
The plaintiff, when a witness on his own behalf on the trial, was asked, “ State what oral alterations were made in the specifications, Exhibit No. 2, before the signing of the contract ?” This was objected to by defendant’s counsel, on the ground that the specifications in contract are in writing, and all prior oral agreements are merged therein.
This ground is not in accord with the facts of the case. The specifications referred in the written contract had no *403 existence. That is, the contract made the following reference: “ Agreeably to the drawings and specifications made by G-. W. C. architect, and signed by the said parties and hereto annexedbut no specifications had been signed by the parties or annexed to the contract. It was necessarily the subject of oral proof to show what the parties intended should be the specifications. On the plaintiffs proof, if the parties had been confined to the printed specifications, a contract would have been forced upon them which they had not made, and to which they had not committed themselves by any writing.
Other exceptions were taken which have been examined, and do not call for a reversal of the judgment.
Judgment affirmed, with costs.
Freedman and Truax, JJ., concurred.